# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>                Plaintiff,<br><br>   v.<br><br>CONDIE, *et al.*,<br><br>               Defendants. | Case No. 1:24-cv-01403-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Floyd Scott ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 15, 2024, together with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

///

///

physical injury."[1]  Plaintiff has previously been notified that he is subject to § 1915(g).[2]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[3]  *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007).  In the complaint, Plaintiff alleges that on January 15, 2021, he fell from a wheelchair while at Adventist Health Bakersfield for a medical procedure, injuring his left knee, and Defendants did not provide him pain medication or any other medical treatment such as an ace bandage, crutches, or an X-Ray or MRI.  Plaintiff continues to suffer pain in his left knee to this date, and needs to use a knee brace and walk with a walker.  (ECF No. 1.)

"Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."  *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger or insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

Based on these allegations, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed.  Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

---

[1]  The Court takes judicial notice of the following United States District Court cases: (1) *Scott v. Lewis*, 1995 WL 39425, Case No. 3:94-cv-04355-EFL (N.D. Cal.) (*in forma pauperis* status denied and case dismissed on January 27, 1995 for failure to state a claim); (2) *Scott v. Bradley*, 1996 WL 209706, Case No. 3:96-cv-01189-EFL (N.D. Cal.) (*in forma pauperis* status denied and case dismissed on April 15, 1996 for failure to state a claim); (3) *Scott v. De La Cruz*, Case No. 2:13-cv-02928-UA-AJW (C.D. Cal.) (*in forma pauperis* status denied and case dismissed on May 17, 2013 for failure to state a claim); (4) *Scott v. Acosta*, Case No. 2:16-cv-08000-JVS-AJW (C.D. Cal.) (*in forma pauperis* status denied and case dismissed on December 16, 2016 for failure to state a claim); (5) *Scott v. Adventist Health Bakersfield*, Case No. 1:22-cv-01334-KES-CDB (E.D. Cal.) (dismissed on October 22, 2024 for failure to state a claim).
The Court also takes judicial notice of the following United States Court of Appeals case: *Scott v. Cody*, Case No. 19-55631 (9th Cir.) (dismissed on September 16, 2019 as frivolous).

[2] *See, e.g.*, *Scott v. Super. Ct. of Cty. of Los Angeles*, Case No. 2:18-cv-10361-SJO-JC (C.D. Cal.) (denying request for leave to proceed *in forma pauperis* after finding that plaintiff has had three or more prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted).

[3] The Court expresses no opinion on the merits of Plaintiff's claims.

     Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

     Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

     \* \* \*

     These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 18, 2024**        /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE