UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>       Plaintiff,<br><br>   v.<br><br>DAVID REED CONDIE, et al.,<br><br>       Defendants. | Case No.: 1:24-cv-1403 JLT BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE<br><br>(Docs. 2, 5) |

Floyd Scott seeks to hold the defendants—a physician and nurse at Adventist Health Hospital— liable for violations of his civil rights, asserting the defendants violated his civil rights by failing to provide pain medication or treatment following an injury. (Doc. 1.) Plaintiff requests to proceed *in forma pauperis* in this action. (Doc. 2.)

The magistrate judge found Plaintiff has accrued three or more strikes under 28 U.S.C. § 1915, based upon the dismissal of cases prior to the filing of this action for failure to state a claim. (Doc. 5 at 2, n. 1, 2.) In addition, the magistrate judge found Plaintiff did not satisfy the exception to Section 1915(g), because he "failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed." (*Id.*) Therefore, the magistrate judge recommended Plaintiff's motion to proceed *in forma pauperis* be denied and the Court order payment of the filing fee. (*Id.* at 3.)

Plaintiff filed objections to the Findings and Recommendations, asserting that he states a claim for deliberate indifference to a serious medical injury by the defendants. (Doc. 8 at 2.) He contends

1

that he has an "actual injury to the… left knee," for which he now wears a knee brace and uses a walker and orthopedic shoes to try to help with the knee pain." (*Id.* at 2-3, emphasis omitted.) Plaintiff acknowledges that he does not "know what imminent danger of serious medical injury means to the Court" but indicates the standard should be satisfied "with the knee injury." (*Id.* at 3.) He asserts that the pain he has "is for life." (*Id.*) Plaintiff maintains the action should not be dismissed. (*Id.* at 4.)

Plaintiff does not dispute the finding that he is subject to the three-strike bar of Section 1915. Although Plaintiff reports suffering chronic left knee pain, this pain is insufficient to show an imminent danger of serious physical injury. *See, e.g., Fletcher v. Sherman,* 2018 WL 6385538, *5 (E.D. Cal. Dec. 6, 2018) ("Chronic pain alone is not enough to support an inference of imminent danger"), *adopted* 2019 WL 176338 (E.D. Cal. Jan. 11, 2019); *Fields v. Omosaiye,* 2019 WL 1755712, *2 (N.D. Cal. Apr. 19, 2019) ("Although regrettable, chronic pain generally is not enough to support an inference of imminent danger"); *see also McCoy v. Murray,* 600 F. App'x 250, 251 (5th Cir. 2015) (a prisoner's complaints of pain from a prior injury and alleged delays in receiving medication did not establish that he was in imminent danger of serious physical injury when he filed his complaint).

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued November 18, 2024 (Doc. 5) are **ADOPTED** in full.
2. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **DENIED**.
3. Plaintiff **SHALL** pay the full $405 filing fee for this action within 30 days of the date of service of this order.
4. **Failure to pay the filing fee will result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **December 22, 2024**

UNITED STATES DISTRICT JUDGE

2