1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| FLOYD SCOTT, | Case No. 1:24-cv-01403 JLT BAM (PC) |
|---|---|
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE AND FAILURE TO OBEY COURT ORDER |
| v. | |
| CONDIE, *et al.*, | (Doc. 9) |
| Defendants. | |

On December 24, 2024, the Court ordered Plaintiff to pay the filing fee to proceed with this action. (Doc. 9.) Despite the Court's warning that failure to comply with the order would result in dismissal (*id.* at 1), Plaintiff failed to pay the required fee. Without such payment, the action cannot proceed before the Court. *See Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022).

In finding dismissal is appropriate for the failure to obey the order to pay the filing fee, the Court also considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious

1  resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th
2  Cir. 1992) (district courts have inherent interest in managing their dockets without being subject
3  to noncompliant litigants). Because Plaintiff delayed the action though his failure to obey the
4  Court's order to pay the filing fee, the third factor also supports dismissal. Further, the Court
5  warned that "[f]ailure to pay the filing fee will result in the dismissal of this action" (Doc. 9 at 2,
6  emphasis omitted), and the Court need only warn a party once that the matter could be dismissed
7  to satisfy the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Thus, the
8  *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to pay the filing fee as
9  ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that
10 although "the public policy favoring disposition of cases on their merits . . . weighs against
11 dismissal, it is not sufficient to outweigh the other four factors").

    Based upon the foregoing, the Court **ORDERS**:

    1.    This action is **DISMISSED** without prejudice.

    2.    The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **February 12, 2025**                               _____
                                                                          UNITED STATES DISTRICT JUDGE